Case 4:08-cv-00176-JLH   Document 27   Filed 07/17/09   Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARBARA FORD, Individually and as                                                          PLAINTIFF
Personal Representative of the ESTATE OF
JOE FORD, and on Behalf of Joe Ford's
Wrongful Death Beneficiaries

v.                                          No. 4:08CV00176 JLH

UNITED STATES OF AMERICA                                                                   DEFENDANT

**OPINION AND ORDER**

Barbara Ford brings this action individually, as personal representative of the Estate of Joe Ford, and on behalf of Joe Ford's wrongful death beneficiaries pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, following the death of her husband, Joe Ford. The complaint alleges that Joe Ford was under the care of a staff psychiatrist at the Veterans Administration in Little Rock, Arkansas, for depression and post-traumatic stress syndrome, that the psychiatrist opined that Joe Ford had a high risk of self-harm in the future, that the psychiatrist knew that he had purchased a gun, and that she did nothing to inform Mrs. Ford. The complaint also alleges that the Veterans Administration is liable for the death of Joe Ford due to its negligence in failing to implement suicide prevention policies and plans, its negligence in treating Joe Ford, and its negligence in failing to take reasonable and necessary steps to prevent suicide, and that the Veterans Administration was negligent in other respects. The complaint asserts a claim for wrongful death under Ark. Code Ann. § 16-62-102, and a survival claim pursuant to Ark. Code Ann. § 16-62-101.

The United States has filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the claim was not properly submitted to the administrative agency as required by the Federal Tort Claims Act and the applicable regulations. The United States argues that in the absence of a

proper presentation of a claim to the administrative agency the district court lacks subject matter jurisdiction.

## I.

Joe Ford died on October 7, 2004. On February 3, 2005, Barbara Ford completed a Standard Form 95 and submitted it to the Veterans Administration that day or shortly thereafter. In the box for the name, address of the claimant, and the claimant's personal representative, if any, Barbara Ford is listed. In the space to state the basis of the claim, Mrs. Ford stated: "My husband committed suicide as a direct result of the negligent failure of VAMC medical personnel to adhere to the appropriate suicide prevention protocol and as a proximate result, he died." In the space to describe the nature and extent of the injury or cause of death which forms the basis of the claim, she stated, "The decedent died on 10/07/04 due to the negligent care by VA medical personnel to prevent his suicide." The SF-95 indicates that reports from Dr. Winston Brown and Dr. Shelly Brown were attached. The SF-95 includes four spaces in which the claimant can state the amount of the claim. On Mrs. Ford's SF-95, nothing was written in the space for stating an amount for property damage; in the space for stating the amount claimed for personal injury the amount of $1,500,000 was stated; nothing was written in the space for stating the amount claimed for wrongful death; and in the space for stating the total claim the amount of $1,500,000 was written.

On September 18, 2007, regional counsel for the Department of Veterans Affairs wrote Mrs. Ford and stated that the claim was denied. The letter denying the claim stated that the letter was "RE: Administrative Tort Claim Filed on Behalf of the Estate of Joseph Ford." The substantive paragraph of the letter stated:

> We have completed our evaluation of your administrative tort claim on behalf of the estate of Joseph Ford. Our investigation did not disclose any negligent acts or omissions by employees of the Department of Veterans Affairs acting within the scope of their employment. Accordingly, this claim is denied.

Mrs. Ford was not the administrator of the Estate of Joe Ford at the time she submitted the claim. On November 6, 2006, shortly after the Veterans Administration denied the claim, she filed a petition for admission of will to probate and appointment of personal representative in the Probate Court of Pulaski County, Arkansas. The probate court entered an order on December 11, 2007, appointing Mrs. Ford personal representative of the Estate of Joe Ford. Mrs. Ford filed her acceptance of the appointment on December 12, 2007. She commenced this action on February 29, 2008.

## II.

The Federal Tort Claims Act provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The relevant regulations are found at 28 C.F.R. § 14.1 *et seq.* (2008). Section 14.2(a) provides:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

The regulations also provide, "A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c).

Although Barbara Ford presented an administrative claim within two years after the death of Joe Ford, the United States argues that that claim was defective, and that those defects mean that no valid claim was presented, which in turn means that this Court lacks subject matter jurisdiction. The defects in the claim are that no amount was stated in the box for stating the damages for wrongful death; Barbara Ford, individually, was identified as the claimant, not the Estate of Joe Ford; and Barbara Ford did not provide or present any authority under which she was legally entitled to represent the estate, as required by 28 C.F.R. § 14.3(c). The United States notes that Barbara Ford did not become the personal representative for the Estate of Joe Ford until December 2007, so she was not the personal representative of the estate when she submitted the claim on February 3, 2005.

The United States relies in part on *Lunsford v. United States*, 570 F.2d 221 (8th Cir. 1977), where the Eighth Circuit held that a class action under the Federal Tort Claim Act was properly dismissed for lack of subject matter jurisdiction when the named plaintiffs did not allege in either the administrative claims or the complaint that they were authorized agents of the unnamed members of the class. *Id*. at 226. The Eighth Circuit also said that the administrative claims were inadequate to present the claims of unnamed class members because they failed to state a sum certain as to damages incurred by the entire class. *Id*.

The United States also relies on a case from the Seventh Circuit, *Kanar v. United States*, 118 F.3d 527, 529 (7th Cir. 1997). In *Kanar*, the court said that there is a conflict among the circuits as to the definition of a claim. *Id*. at 529. According to *Kanar*, 28 C.F.R. § 14.2(a) provides the

definition of a claim: "Under this regulation a 'claim' has four elements: (i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." *Id*. at 528. *Kanar* cited *Lunsford* and *Pennsylvania v. National Assoc. of Flood Insurers*, 520 F.2d 11, 19-20 (3rd Cir. 1975), as cases showing that the Third and Eighth Circuits share the view that the regulation supplies the definition of a claim. *Id*. at 529. *Kanar* then noted that at least five circuits treat as a claim any document that identifies the incident said to be tortious and demands a sum certain in damages. *Id.* (citing *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir.1992); *GAF Corp. v. United States,* 818 F.2d 901, 920 n.110 (D.C. Cir.1987); *Warren v. Dep't of the Interior Bureau of Land Management*, 724 F.2d 776 (9th Cir.1984) (en banc); *Douglas v. United States*, 658 F.2d 445, 447-48 (6th Cir.1981); *Adams v. United States*, 615 F.2d 284, 290 (5th Cir.1980)). A close look suggests that the purported conflict between the circuits is not so great as *Kanar* suggests.

In *Kanar*, a lawyer filed a claim on behalf of the claimant but did not submit evidence of his authority when he filed the claim. The agency informed the lawyer that it needed evidence of his authority to present a claim on behalf of the injured person and did so with three months to go in the period of limitations. Nine months after the two years had run, the lawyer finally submitted a power of attorney signed by the claimant. The agency denied the claim on the ground that it was too late. *Kanar*, 118 F.3d at 528. The district court dismissed the action, ruling that all four elements of a claim identified in § 14.2(a) must be satisfied within the two years. *Id*. The Seventh Circuit affirmed. Notwithstanding *Kanar*'s comments about the conflict between the circuits, the rationale for the decision brings *Kanar* close to the cases that treat a document that identifies the incident and demands a sum certain as damages as sufficient presentment of a claim under 28 U.S.C. § 2675(a).

5

*Kanar* recognized that it is possible for a person to bring suit under the Federal Tort Claims Act "following an administrative demand that does not comply with every jot and tittle of the rules defining a 'claim[.]'" *Id*. at 530-31. It recognized "no harm, no foul" as a maxim of torts that "is equally apt in administering the apparatus for seeking compensation after a tort." *Id*. at 531. In view of the "no harm, no foul" maxim, the court in *Kanar* said:

> How, then, does Kanar's submission stand? Did omission of evidence that Long had authority to represent Kanar frustrate the process of conciliation and settlement that the administrative demand is supposed to initiate? An agency might have overlooked the omission and assumed that a lawyer would have a power of attorney—but this agency did not. The omission was noted, and Long was instructed to forward the necessary evidence. Had he promptly submitted what the agency called for, we would be inclined to treat his original papers as close enough to a "claim" to count. But instead of cooperating, Long balked. At this point the agency had to make a choice: proceed despite counsel's refusal to follow instructions, or close the file. It chose the latter, a reasonable response to the disdain of a reasonable request. As a result, the settlement process that Congress created as a prelude to litigation . . . was thwarted. Long's omission was not harmless; it scotched the process.

*Id*. at 531. It seems, then, that *Kanar* would recognize as a claim a document that failed to meet all the requirements of 28 C.F.R. § 14.2(a) so long as the omissions had not "scotched the process" of conciliation and settlement.

Similarly, in *Lunsford* the court stated:

> The plaintiffs argue that technical noncompliance with the administrative regulations should not preclude recovery when the claim was sufficient to give the government notice of the claim. They point to a number of cases where certain minor technical failures to comply with the administrative procedures established by the regulations did not bar recovery. In each of the cases, however, an identifiable claimant had filed a claim for a sum certain thus giving the government the opportunity to evaluate and settle the claim later sued upon.

*Id*. at 226-27 (footnote omitted). Thus, the Eighth Circuit in *Lunsford*, like the Seventh Circuit in *Kanar*, recognized that a claim may be sufficient to meet the jurisdictional requirement of 28 U.S.C.

§ 2675(a) without strictly complying with the regulations. In *Kanar*, the court looked to see whether the omission "scotched the process" of settlement and conciliation that the administrative demand was supposed to initiate. *Id*. at 531. In *Lunsford*, the court recognized that technical noncompliance would not bar a claim so long as "an identifiable claimant had filed a claim for a sum certain thus giving the government opportunity to evaluate and settle the claim later sued upon." *Lunsford*, 570 F.2d at 227. Thus, *Lunsford* appears consistent with the line of cases holding that a document that identifies the incident and demands a sum certain is sufficient presentment of a claim to comply with 28 U.S.C. § 2675(a).

That this interpretation of *Lunsford* is correct is confirmed by *Farmers State Sav. Bank v. Farmers Home Adm.*, 866 F.2d 276 (8th Cir. 1989), where the court said:

> We have considered the notice requirement of section 2675 on several occasions. *See Gross v. United States*, 676 F.2d 295 (8th Cir.1982); *Lunsford v. United States*, 570 F.2d 221 (8th Cir.1977); *Melo v. United States*, 505 F.2d 1026 (8th Cir.1974). These cases stand for the proposition that a claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims, *see Gross*, 676 F.2d at 299, and (2) the amount of damages sought, *see Lunsford*, 570 F.2d at 226; *Melo*, 505 F.2d at 1029. This standard is in accordance with that adopted by other courts of appeals. *See GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C.Cir.1987); *Charlton v. United States*, 743 F.2d 557, 561 (7th Cir.1984); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir.1984) (en banc); *Johnson by Johnson v. United States*, 788 F.2d 845, 848 (2d Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986); *Lopez v. United States*, 758 F.2d 806, 809-10 (1st Cir.1985); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983); *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir.1982); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981); *Adams v. United States*, 615 F.2d 284, 288-89 (5th Cir.1980).

*Id.* at 277; *see also Dykes v. United States*, 794 F. Supp. 334, 336 (D.S.D. 1992). Four of the five cases cited by *Kanar* as in conflict with *Lunsford* are cited by the Eighth Circuit in *Farmers State Savings Bank* as consistent with *Lunsford*. According to *Farmers State Savings Bank*, in *Lunsford,*

the Eighth Circuit, consistent with the other circuits, held that the jurisdictional requirement of § 2675(a) is met if the claimant provides a writing that gives (1) sufficient information to enable the agency to investigate the claims and (2) states the amount of damages sought.

The rationale of those cases was explained by the D.C. Circuit at some length in *GAF Corp.* As explained in *GAF Corp.*, the presentment requirement of § 2675(a) was added to the Federal Tort Claims Act as a part of amendments to the Act in 1966 designed to remove impediments to claim settlement and to impose on claimants the responsibility of presenting a claim to the agency for potential settlement before filing suit. *GAF Corp.*, 818 F.2d at 917. Part of the purpose was to expedite settlement of claims where settlement was appropriate. *Id*. at 917-18. While Congress intended to facilitate settlement, it did not require settlement. *Id*. at 918. Settlement procedures are promulgated pursuant to 28 U.S.C. § 2672, which authorizes and provides conditions for settlement of claims, but the procedures for settling a claim are distinct from the notice requirement of 28 U.S.C. § 2675(a). *Id*. at 919.

> Thus we hold, with the Ninth Circuit and the majority of appellate courts to have considered the question, that Section 2675(a) requires a claimant to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim. Notice of an injury will enable the agency to investigate and ascertain the strength of a claim; the sum-certain statement of damages will enable it to determine whether settlement or negotiations to that end are desirable. A presentment of this character provides the agency all it needs, and all to which it is statutorily entitled, to make final disposition of the claim in accordance with Section 2675(a). Claimants who discharge this obligation of notice have satisfied the jurisdictional requirements of the Act, and, with the running of the six-month period Congress has provided the agencies to make final disposition of claims presented, are entitled to file suit.
>
> The Department of Justice has promulgated regulations governing the presentment process which it contends govern the sufficiency of notice for jurisdictional purposes. Some circuits have sustained the Department in this regard. Along with the Fifth, Sixth and Ninth Circuits, we hold that Congress has not delegated to the

> agencies the power to determine, by regulation, the jurisdiction of Article III courts under the Act. The sufficiency of presentments for jurisdictional purposes remains a matter for courts to determine in light of the statutory framework.

*Id*. at 919-20 (footnotes omitted). Here, Barbara Ford provided sufficient information to enable the agency to investigate the claim, and she demanded a sum certain in total damages.

However, as in *Kanar*, Barbara Ford failed to submit evidence of her authority to represent the Estate of Joe Ford. Moreover, she did not say on her SF-95 that she was filing the claim on behalf of the Estate of Joe Ford. The issue, then, is whether her SF-95 was sufficient to place the Veterans Administration on notice that she was seeking to assert a claim on behalf of the estate. *See Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002). Even though she had not yet been appointed as personal representative of the estate, there is no doubt but that the SF-95 was sufficient to put the Veterans Administration on notice that she was asserting a claim on behalf of the estate because the agency accepted her claim as a claim on behalf of the estate, presumably because the SF-95 stated that Joe Ford had died due to negligence on the part of the VA and that the claimant, Barbara Ford, was his widow. The letter from the regional counsel for the Veterans Administration to Mrs. Ford denying her claim references "Administrative Tort Claim Filed on Behalf of the Estate of Joe Ford," and states, "We have completed our evaluation of your administrative tort claim on behalf of the estate of Joseph Ford." Thus, the denial letter establishes beyond dispute that the Veterans Administration had notice of a claim on behalf of the estate.

In *Warren*, which the Eighth Circuit cited with approval in *Farmers State Savings Bank*, the court reversed a district court for holding that it lacked jurisdiction due to the failure of the claimant's representative to provide evidence of his authority as required by 28 C.F.R. § 14.3(e). *Warren*, 724 F.2d at 777. The court said that the jurisdictional requirement was satisfied when the

9

claimants (1) gave the agency sufficient notice to commence an investigation and (2) to place a value on the claim. *Id*. at 779. "By denying appellants' claim on the merits, the [agency] demonstrated that they had sufficient notice to initiate investigation. The agency's actions are persuasive evidence that the jurisdictional requirement of minimal notice was satisfied." *Id*. Furthermore, "[t]o interpret section 14.3(e) as jurisdictional would be to impose upon claimants an added burden which would inevitably result in barring otherwise meritorious claims. Such a result would frustrate the purposes of both 28 U.S.C. § 2672 and § 2675(a)." *Id.* In *Avila v. Immigration & Naturalization Serv.*, 731 F.2d 616 (9th Cir. 1984), the court stated:

> Pursuant to *Warren*, a jurisdictional claim is presented when the minimal requirements of (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim are met. *Any other requirements imposed by administrative regulations pursuant to section 2672 are not a bar to jurisdiction by the federal courts.*

*Id*. at 619 (emphasis added) (citation omitted).

As the courts have held with apparent unanimity, the principal purpose of the administrative exhaustion requirement is to facilitate settlement of cases. *Kanar*, 118 F.3d at 531; *GAF Corp.*, 818 F.2d at 919-20; *Lunsford*, 570 F.2d at 226. As *Kanar* noted, an agency might overlook the omission of evidence of authority, *id*. at 531, which appears to be what happened here—the Veterans Administration overlooked the evidence of a lack of authority, either deliberately or inadvertently. Barbara Ford submitted the claim only four months after the death of Joe Ford, so nineteen months remained before the statute of limitations would expire. During that nineteen months, the agency had the opportunity, if it wanted to proceed as the agency did in *Kanar*, to ask Barbara Ford for authority. Had the agency asked, there is no doubt that at any time she could have filed a petition in the probate court and been appointed as the personal representative. The omission was curable

and would not have impeded settlement, had the agency wished to reach a settlement. Barbara Ford did not "scotch the process" by failing to provide authority to act as personal representative of the estate, nor did she "scotch the process" by failing to obtain that authority during the time that the agency was considering the claim. It would not be unusual to settle a wrongful death claim with the widow, contingent on approval by the probate court, and then file the petition for the widow to be appointed as personal representative along with a petition for approval of the settlement.

In *Kanar*, the agency gave the lawyer the opportunity to cure the omission, but he declined to do so, so the claim was denied, and the subsequent suit was dismissed for lack of jurisdiction. Here, the Veterans Administration chose to accept Barbara Ford's SF-95 as a claim on behalf of the Estate of Joe Ford and denied that claim on the merits, not because of any noncompliance with the regulations. As in *Warren*, the agency's actions demonstrate that it had the notice required by 28 U.S.C. § 2675(a).

The SF-95 submitted by Barbara Ford met the requirements stated in *Farmers State Savings Bank*: (1) it gave sufficient information to enable the agency to investigate the claim, as is proven by the fact that the agency investigated the claim and came to a conclusion on the merits; and (2) it stated the total amount of damages sought. Mrs. Ford did not write an amount in the "wrongful death" box, but she did put the agency on notice that there had been a death and that the total amount sought was $1,500,000. The SF-95 states in the box for the total damages claimed, "failure to specify may cause forfeiture of your rights," but it does not say that the failure to apportion the damages between damages for personal injury and wrongful death will cause a forfeiture of the claimant's rights. Furthermore, the regulation upon which the United States relies – 28 C.F.R. § 14.2(a) – does not require an executed SF-95, much less an SF-95 in which every potentially

relevant box is completed. Section 14.2(a) requires an SF-95 "or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ." Here, Mrs. Ford gave written notification of the incident and stated a claim for money damages in a sum certain, which is all that § 14.2(a) requires. Mrs. Ford substantially complied with § 14.2(a). *Cf. Dykes*, 794 F. Supp. at 338.

The result here is also consistent with *Knapp v. United States*, 844 F.2d 376 (6th Cir. 1988). Julius Knapp died on May 14, 1982. His widow submitted a claim on May 10, 1984. However, she was not appointed as personal representative until after the two-year period of limitations had expired. The agency denied the claim based on 28 C.F.R. § 14.3(c) and (e). *Id*. at 378. The Sixth Circuit held the requirements of 28 U.S.C. § 2675(a) were met because Mrs. Knapp had provided written notice sufficient to enable the agency to investigate and had placed a value on her claim. *Id*. at 379. The failure to comply with 28 C.F.R. § 14.3(c) and (e) "merely deprived her of the opportunity for an out-of-court settlement. It did not affect the jurisdiction of the district court." *Id.*; *see also Dykes*, 794 F. Supp. at 338. The same is true here.

## CONCLUSION

"[T]o dismiss the instant action for lack of subject matter jurisdiction would be to defeat the interest of Congress in making a more efficient, equitable system whereby individual claimants may seek recovery for alleged torts committed by United States officials." *Dykes*, 794 F. Supp. at 338. It would also contradict the plain language of 28 U.S.C. § 2675(a). Barbara Ford complied with 28 U.S.C. § 2675(a). She presented her claim to the appropriate federal agency and did not institute this action until the claim was finally denied in writing. Therefore, the motion to dismiss for lack of subject matter jurisdiction is DENIED. Document #19.

IT IS SO ORDERED this 17th day of July, 2009.

                                                                      J. LEON HOLMES  
                                                                      UNITED STATES DISTRICT JUDGE